Achmat BEGG, Petitioner,

v.

Alberto R. GONZALES,* Attorney General of the United States, and Immigration and Naturalization Service, Respondents.

No. 02–4156–AG.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2005.

David R. Addelman, Addelman & Marszalkowski, P.C., Buffalo, NY, for Petitioner.

Patricia L. Buchanan, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, and Ramon E. Reyes, Jr., Assistant United States Attorney, on the brief), New York, NY, for Respondents.

PRESENT: WALKER, Chief Judge, OAKES, and JACOBS, Circuit Judges.

---

* Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**406**

Petitioner Achmat Begg petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") ordering Begg removable pursuant to § 212(a)(6)(E)(i) of the Immigration and Nationality Act ("INA") for knowingly smuggling aliens into the United States in violation of law.

Although our review is normally limited to the BIA's order, where the BIA adopts the decision of the IJ without opinion, we treat the IJ's decision as the relevant administrative decision for review. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). And where, as here, "the issue on appeal involves the proper application of legal principles to the facts and circumstances of the individual case at hand, our review [is] de novo." *Id.* at 307. We assume the parties' familiarity with the facts and the procedural history.

In his petition for review, Begg argues that (1) INA § 101(a)(13)(C)(iii), which deems a lawful permanent resident ("LPR") to be seeking admission if he or she engaged in illegal activity after having departed the United States, is unconstitutionally "overbroad" and vague; (2) the IJ erred in applying INA § 240(c)(2)(A), which provides that an alien seeking admission into the United States bears the burden of proving that he is "clearly and beyond doubt" entitled to admission, because Begg was already a LPR when the events leading to his exclusion occurred; and (3) the IJ erred in admitting the sworn testimony of two witnesses who were unavailable to testify at Begg's removal proceeding. None of Begg's claims has merit.

■ Begg's contention that INA § 101(a)(13)(C)(iii) is unconstitutionally "overbroad" and vague is unconvincing. In any event, he has no standing to raise those claims. Under INA § 101(a)(13)(C)(iii), an LPR is regarded as seeking admission if he engaged in illegal activity after having departed the United States. 8 U.S.C. § 1101(a)(13)(C)(iii). Because Begg was not affected by the purported overreach of the statute—that is, because Begg admitted to engaging in illegal activity when he pled guilty to smuggling aliens into the United States in violation of INA § 274(a)(2)(A)—he is not in a position to challenge the statute as overly broad. Similarly, Begg's charges of vagueness fail; outside of the First Amendment context, we have held that "constitutional challenges to a statute for vagueness will be considered only as applied." *United States v. Rybicki*, 354 F.3d 124, 129–30 (2d Cir.2003) (*en banc*). Nowhere does Begg contend that his activities of illegally smuggling two aliens into the United States are protected under the First Amendment.

■ The IJ did not err when he applied the burden-shifting provisions of INA § 240(c)(2)(A) after he determined that Begg "engaged in illegal activity after having departed the United States" under INA § 101(a)(13)(C)(iii). In his petition for review, Begg does not contest the fact that he pled guilty to smuggling aliens into the United States in violation of INA § 274(a)(2)(A). Accordingly, the IJ did not err when he imposed the burden on Begg, as an alien seeking admission, to prove "clearly and beyond doubt" that he was entitled to admission and not inadmissible under INA § 212. *See* 8 U.S.C. § 1229A(c)(2)(A). The IJ subsequently found under INA § 212(a)(6)(E)(i) that Begg was not entitled to admission because Begg knowingly "assisted, abetted, or aided" two aliens in entering or attempting to enter the United States in violation of law. Petitioner does not challenge this determination.

Finally, even if we assume that the IJ erred when he deemed admissible the

sworn statements of two witnesses who were unavailable to testify at Begg's removal proceeding (an issue that we do not address), we hold that Begg cannot press the substance of those claims here. Begg does not contend that the IJ improperly admitted the statements under 8 C.F.R. § 240.7(a) (2000); rather, he argues that the use of these statements violated due process. In the proceeding below, however, Begg bore the burden to establish "clearly and beyond doubt" that he was not inadmissible under INA § 212. 8 U.S.C. § 1229A(c)(2)(A). Begg could not contest the fact that he pled guilty to smuggling aliens into the United States in violation of INA § 274(a)(2)(A). Moreover, Begg did not contest both that he was aware that his sister and his nephew were not permitted to enter the United States and that he lied on four separate occasions to immigration officials, representing that he was only accompanied by his uncle, who was lawfully permitted to enter the United States, when he drove his car across the border from Canada. Under these circumstances, Begg could not make a showing "clearly and beyond doubt" that he did not knowingly aid, abet, and assist two aliens to enter or attempt to enter the United States in violation of law. *See* 8 U.S.C. §§ 1229A(c)(2)(A), 1182(a)(6)(E)(i). As a result, we will not permit him to press his cross-examination claims here. Any error in admitting the statements could have had no bearing on the outcome.

We have considered Begg's remaining arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the petition for review is **DENIED**.

1. Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto Gonzales has been substi-

Petitioner's motion for a stay of removal is likewise **DENIED**.